**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 09-116 |
| | ) | Judge Nora Barry Fischer |
| ANNE LEE BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

I.  INTRODUCTION

Presently before the Court are Defendant Anne Lee Brown's Motion to Amend Conditions of Restitution (Docket No. 44), the Government's opposition thereto (Docket No. 49), and Defendant's reply (Docket No. 50). Upon consideration of the parties' submissions, and for the following reasons, Defendant's Motion [44] is granted, in part, and denied, in part.

II.  BACKGROUND

Defendant is presently serving a two year sentence of probation after being convicted of theft government property, i.e., $100,005.41 in Social Security benefits which she fraudulently obtained, in violation of 18 U.S.C. § 641. (Docket No. 43). Along with the probationary sentence, this Court ordered the Defendant to pay restitution via a monthly installment plan. (*Id.*). Specifically, the Judgment entered against her provides that:

> [t]he defendant shall pay restitution in the total amount of $100,005.47 (the defendant being credited for the amount of any payments already made by the defendant) to the Social Security Administration. **Said restitution shall be paid through monthly installments of not less than 10% of her monthly income.** All

1

> restitution payments are to be made to the Clerk of the U.S. District Court for the Western District of Pennsylvania to be forwarded to the victim of defendant's offense.

(*Id.* at 6 (emphasis added)). A corresponding special condition of probation required Defendant to "pay any remaining restitution balance through monthly installments of not less than 10 percent of her gross monthly income." (*Id.* at 3). As is indicated in the Court's Judgment, the Defendant has made restitution directly to the Social Security Administration via withholding from her monthly Social Security checks.[1]

In her motion, Defendant claims that she has been advised that the Social Security Administration that it will begin withholding 100% of her monthly Social Security checks, until the full amount of the restitution owed is recouped. (Docket No. 44). She alleges that if her entire benefits check is withheld it "would, in effect, leave her destitute" as she relies on such benefits for support. (Docket No. 50 at ¶ 1). Defendant argues that she does not believe that the Court intended for her entire Social Security benefits to be taken as restitution and asks that the Court's Judgment be modified to permit the Social Security Administration to take only ten (10) percent of her gross income. (*Id.* at ¶ 4). She believes that the Court is able to adjust the restitution amount pursuant to the Court's general authority to supervise probationers and the conditions of supervision. (*Id.*).

The Government opposes Defendant's motion for two separate reasons. (Docket No. 49). First, the Government argues that Rule 35(a) of the Federal Rules of Criminal Procedure does not permit the Court to amend the Judgment at this late stage. (*Id.*). Second, the Government

---

[1] Representatives from the Clerk's Office verified to the Court's staff that no direct restitution payments have been made by the Defendant in this case.

indicates that the Social Security Administration may rightfully withhold the full amount due under applicable federal regulations and policies. (*Id.*).

III. ANALYSIS

At the outset, the Court finds that Rule 35(a) does not preclude the relief requested by the Defendant in this case. The Court agrees with the Government that Rule 35(a) restricts a district court's ability to alter a defendant's sentence after fourteen days have elapsed. *See* Fed.R.Crim.P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."). However, this restriction does not limit this Court's authority to amend the restitution order at this juncture. To this end, a restitution order may be modified under 18 U.S.C. § 3664(k) if the defendant demonstrates "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k); *see also United States v. Banks*, 430 Fed.App'x 179 (3d Cir. 2011) (not precedential) (noting that a court has limited jurisdiction to entertain a motion under section 3664(k) to modify or adjust a restitution order that "does not encompass an attack on the overall validity of a restitution order.").

Here, the Court finds that the Social Security Administration's withholding of one hundred percent (100%) of the Defendant's Social Security benefits would be a material change in the defendant's financial circumstances sufficient to warrant a modification of the restitution order. Defendant is now 75 years old. (Docket No. 34 at 2). She has a very limited educational background as she only completed school through the eighth grade. (*Id.* at ¶ 50). She has no meaningful work experience and has relied on family and friends for financial support throughout her life. (*Id.* at ¶ 52). She also has collected Social Security benefits of $805 per month since

3

1996. (*Id.* ¶ 51). It appears from this record that the Defendant has very little ability to earn any money, given her age, health, lack of work history, and the instant federal conviction, especially considering the present economic circumstances facing our country and region.

For these reasons, the Court finds that the Defendant has demonstrated that she has a material change in financial circumstances affecting her ability to pay restitution. Defendant has requested that the restitution order be amended to reflect that the amount of restitution due is stated as a fixed percentage of her gross income rather than an amount due "not less than" the percentage amount. (Docket No. 43). She essentially requests that the Court remove the "not less than" language from the Court's Judgment. (*Id.*).

The Court finds that this slight adjustment is appropriate in light of section 3664(k) and the facts and circumstances of this case. Therefore, the Court will grant the relief requested by the Defendant, in part, and will modify its restitution order and remove the phrase "not less than" from the Judgment. Specifically, the Court orders that:

> The defendant shall pay restitution in the total amount of $100,005.47 (the defendant being credited for the amount of any payments already made by the defendant) to the Social Security Administration. Said restitution shall be paid through monthly installments of 10% of her monthly income. All restitution payments are to be made to the Clerk of the U.S. District Court for the Western District of Pennsylvania to be forwarded to the victim of defendant's offense.

The Court will likewise modify the corresponding condition of Defendant's probation to state that:

> 5. The defendant shall pay any remaining restitution balance through monthly installments of 10 percent of her gross monthly income.

Despite this change in language, the Court notes that nothing in this Order restricts the Defendant's

ability to pay more than ten (10) percent of her gross income against the outstanding restitution balance during any monthly period.

However, to the extent that the Defendant argues that this Court has the authority to restrict the Social Security Administration from using other collection methods to recoup the fraudulently obtained funds from Defendant pursuant to federal regulations and policies, the Court rejects her argument. (*See* Docket No. 43 "Undersigned counsel respectfully asks this Honorable Court to amend the Judgment Order entered on June 4, 2010 by allowing the Social Security Administration to only take 10% of Ms. Brown's monthly check."). There is nothing in this Court's Judgment which "purported to limit other statutory or regulatory forms of recouping losses caused by Defendant's wrongful acts." *United States v. Theede*, No. CR 03-0996-01, 2010 WL 653422, at *1 (D.Ariz. Feb. 19, 2010). The Judgment was also not challenged by the Defendant as an appeal was not filed in this case. (*See* Docket Report, Cr. No. 09-116).

In addition, as the Government points out, the Social Security Act authorizes the Social Security Administration to recoup overpayments made to individual claimants pursuant to applicable regulations. *See* 42 U.S.C. § 404(a)(1). Pertinent here, 20 C.F.R. § 404.502(a) permits the Social Security Administration to withhold all benefits due to a claimant in order to recoup any overpayments received by a claimant to which he or she was not entitled. 20 C.F.R. § 404.502(a). The regulations permit an adjustment of the withholding amount down to only $10 per month if "withholding the full amount each month would defeat the purpose of [T]itle II, i.e., deprive the person of income required for ordinary and reasonable living expenses." 20 C.F.R. § 404.502(c)(1). But, this type of adjustment is not permitted "if the overpayment was caused by the individual's intentional false statement or representation, or willful concealment of, or

deliberate failure to furnish, material information." C.F.R. § 404.502(c)(2).

In *Theade*, the Court recognized that the defendant's conviction of theft of government property under 18 U.S.C. § 641 resulting from his fraudulently obtaining Social Security benefits likely authorized the Social Security Administration to withhold the entirety of the defendant's benefits until the overpayment amount was fully recouped. *Theade*, 2010 WL 653422, at *1. However, the Court further noted that it lacked jurisdiction to impede the Social Security Administration's collection efforts as the argument was raised in the defendant's criminal case, rather than in a civil action brought against the Social Security Administration. *Id.*

The same principles are applicable here. This Court lacks jurisdiction to enjoin the Social Security Administration from collecting the overpaid sums pursuant to valid federal regulations and policies. *Id.* Thus, to the extent that the Social Security Administration continues to withhold the entirety of the Defendant's benefit checks, despite the Court's change in language, any challenge to same is more appropriately brought directly to the agency pursuant to the applicable administrative processes and procedures, rather than to this Court's attention. *See Lucas v. Astrue*, 2011 WL 5154106, at *4 (W.D.Pa. Oct. 21, 2011) (noting that a district court has jurisdiction in Social Security cases only to review final decisions of the Commissioner of Social Security). Therefore, Defendant's motion is denied to the extent that she seeks this Court to amend its Judgment and restrict the collection efforts of the Social Security Administration.

IV. CONCLUSION

Based on the foregoing, Defendant's Motion [44] is granted, in part and denied, in part. Said Motion is granted to the extent that the Court will amend the terms of the restitution owed. Said Motion is denied to the extent that the Court will not enjoin or otherwise restrict the Social

6

Security Administration's collection efforts.   An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   January 10, 2012

cc/ecf:        Asst. U.S. Atty. Robert S. Cessar

Jay J. Finkelstein, AFPD

Anna Lee Brown c/o Jay J. Finkelstein, AFPD

Probation Office

U.S. Marshal

Finance Office

Designation & Sentence Computation Center
Federal Bureau of Prisons
346 Marine Forces Drive
Grand Prairie, TX 75051

United States Sentencing Commission
Attn: Document Control -Monitoring
One Columbus Circle, N.E., Suite 2-500
Washington, D.C. 20002-8002